Argued and submitted January 12, remanded in part; otherwise affirmed
May 29, 1996

In the Matter of the Marriage of

Simmi AHLAWAT,
*Respondent,*

*and*

Sunil PANDE,
*Appellant.*

(9401-60731; CA A87768)

917 P2d 535

Laura Graser argued the cause for appellant. With her on the brief was Diana Stuart.

Herbert A. Trubo argued the cause for respondent. With him on the brief was Sorensen-Jolink, Trubo, McIlhenny & Williams.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Husband appeals from a dissolution judgment challenging the division of property. On *de novo* review, ORS 19.125(3), we modify the judgment.

The parties were married in Hong Kong on December 27, 1989. At that time wife was 22 and worked as a flight attendant for Cathay Pacific Airlines in Hong Kong. Husband was 32 and worked as a software engineer for Intel in Portland, Oregon. In January 1990, the parties moved to Portland.

Both parties were born and raised in India; husband had resident alien status in the United States. Wife, however, could not work in the United States due to her immigration status. The parties agreed that wife would attend school; she already had a three year undergraduate degree from India. Wife enrolled in classes at a four year college in the fall of 1990 and completed her undergraduate studies in the summer term of 1991, graduating with a Bachelor of Arts degree. Wife then began a Master of Business Administration program in the fall of 1991.

During this time, wife focused on her studies. Husband's income and his substantial premarital savings were used to pay for wife's schooling and the parties' living expenses. Wife's only asset upon entering the marriage was $2,000, which was held in a Cathay Pacific profit sharing plan. Wife liquidated this asset to pay for her mother to visit the United States. Throughout the marriage, the parties maintained a number of joint bank accounts and credit cards and filed joint tax returns.

In March 1993, wife was awarded resident alien status through the U.S. consulate in Bombay, India. When she returned to the United States from a trip to India, the parties separated. She depleted the funds in a number of the parties' joint accounts and took two part-time jobs in order to support herself and fund the remainder of her schooling. She also had to borrow approximately $16,000 to cover the shortfall in her tuition expenses. By June 1993, all communications between the parties had ceased.

In December 1994, wife finished her MBA program and moved to New York. At the time of trial, husband was unemployed and living on his savings. The judgment of dissolution was entered on February 23, 1995.

At trial, wife sought an equal share in the amount that husband's retirement plan had appreciated during the marriage, interim spousal support and attorney fees. Husband asked for an award based on wife's future enhanced earning capacity resulting from his contribution to her education and an award of attorney fees. The trial court awarded wife one-half of the increase in the value of husband's retirement account but denied his request for an award of a share of wife's increased earning capacity. The trial court denied husband's request for an award of a share of wife's future enhanced earnings on the ground that his financial contribution to her education did not satisfy the requisite statutory criteria under ORS 107.105(1)(f).[1]

On appeal, husband assigns error to the trial court's award to wife of one-half of the increase in the value of his retirement plan that accrued during the marriage. In the alternative, and only in the event we affirm that decision, husband assigns error to the trial court's denial to him of an award of a share of wife's future enhanced earning capacity.

The record reveals that husband spent some $65,000 of his premarital savings during the marriage. Wife concedes that at least $30,000 of that was for her tuition. Moreover, wife acknowledges that she contributed no income and brought no assets to the marriage. The record also shows that husband had exhausted his savings at the time of trial. Had husband preserved his premarital savings, rather than

---

[1] ORS 107.105(1)(f) provides, in part:

"The present value of, and income resulting from, the future enhanced earning capacity of either party shall be considered as property. The presumption of equal contribution to the acquisition of marital property, however, shall not apply to enhanced earning capacity. A spouse asserting an interest in the income resulting from an enhancement of earning capacity of the other spouse must demonstrate that the spouse made a material contribution to the enhancement. Material contribution can be shown by, among other things, having contributed, financially or otherwise, to the education and training that resulted in the enhanced earning capacity. The contribution shall have been substantial and of prolonged duration."

depleting them, those savings would not have been subject to division as part of the marital estate. *See Wolhaupter-Heinzel and Heinzel,* 108 Or App 514, 517-18, 816 P2d 672, *rev den* 312 Or 526 (1991).

■　　Husband's retirement account increased by almost $40,000 during the marriage. That accrued value is a marital asset and is subject to the statutory rebuttable presumption of equal contribution. *Richardson and Richardson,* 307 Or 370, 769 P2d 179 (1989). Wife argues that she is entitled to half of the accrued value of husband's retirement account: $20,000. The parties disagree as to whether the statutory presumption has been overcome; the trial court made no finding on this issue.

■■　　We divide the marital property of the parties as may be just and proper in all the circumstances. ORS 107.105-(1)(f); *Stice and Stice,* 308 Or 316, 326, 779 P2d 1020 (1989). We assume, without deciding, that the presumption of equal contribution has not been overcome. However, we conclude that wife has received her share of the marital estate. Husband's expenditure of $30,000 of his premarital savings made it possible, in large part, for wife to attain the advanced degree that she now holds. ORS 107.105(1)(f). Under the facts, we conclude that it would not be just and proper for her also to share in the increase in husband's retirement account.

Accordingly, we modify the judgment and deny wife any award for the increased value of husband's retirement plan accrued during the marriage. In this light, we need not reach husband's alternative assignment of error.

Remanded for entry of a modified judgment awarding husband his retirement account in its entirety; otherwise affirmed. Costs, not including attorney fees, to husband.